IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HAROLD H. HUGGINS REALTY, INC.,
P.E. TURNER & COMPANY, LTD.,
RESIDENTIAL APPRAISAL AND
CONSULTING, INC. and ALFONSO V.
TORRES doing business as FRONT DOOR
APPRAISALS, individually and on behalf of
all others similarly situated                                                              PLAINTIFFS

VERSUS                                                         CIVIL ACTION NO. 3:09CV7-P-A

FNC, INC.                                                                                   DEFENDANT

## ORDER

This cause is before the Court on the defendant's Motion to Dismiss the First, Second, Third and Fifth Causes of Action, Or, In the Alternative, Motion for More Definite Statement with Respect to the Second, Third and Fifth Causes of Action, and Motion to Strike Class Claims [56]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiffs are real estate appraisers who provide appraisal reports to mortgage lenders as part of the process of originating mortgage loans. Defendant FNC also provides services and products to mortgage lenders, including a web-based service called AppraisalPort, which allows mortgage lenders to request written appraisals from appraisers and "allows appraisers to transmit information . . . contained in appraisal reports, to lending institutions . . . ." Plaintiffs' Complaint alleges that, in advertising and promoting its AppraisalPort service to plaintiffs, FNC misrepresented that it did not have access to the appraisal data that passed through AppraisalPort and that is was not building

a database from that data. Based on those allegations, the Complaint asserts the following causes of action: 1) false advertising under § 43(a) of the Lanham Act; 2) intentional misrepresentation; 3) negligent misrepresentation; 4) conversion, misappropriation, and breach of bailment; and 5) breach of implied contract based on allegations of fraudulent inducement.

Defendant seeks dismissal of Count One, plaintiffs' Lanham Act claim on grounds that plaintiffs cannot satisfy the requisite of constitutional standing and prudential standing. While the Court is satisfied that the allegations of plaintiffs' Complaint are sufficient to demonstrate constitutional standing,[1] the same cannot be said for prudential standing. The Fifth Circuit adopted the following five factor test for determining standing under the Lanham Act:

1) the nature of the plaintiff's injury;

2) the directness or indirectness of the asserted injury;

3) the proximity or remoteness of the party to the alleged injurious conduct;

4) the speculativeness of the damages claim; and

5) the risk of duplicative damages or complexity in apportioning damages.

Proctor & Gamble Co. v. Amway Corp., 242 F.3d 539, 563 (5th Cir. 2001). Application of those factors to the instant case is telling. First, the nature of plaintiffs' alleged injury weighs against standing. To satisfy this factor, plaintiffs' injury must be of a "type that Congress sought to redress" by the Lanham Act. Conte Bros. Automotive, Inc. v. Quaker State Slick 50, Inc., 165 F.3d 221, 234 (3rd Cir. 1998). The focus of the Lanham Act is on vindicating "commercial interests that have been

---

[1] "[T]o satisfy the standing requirements of Article III of the Constitution, a plaintiff must demonstrate that: (1) it has suffered an injury in fact; (2) the asserted injury in fact is traceable to, or caused by, the challenged action of the defendants; and (3) it is likely rather than just conjectural that the asserted injury in fact will be redressed by a decision in the plaintiff's favor." Consolidated Companies, Inc. v. Union Pacific R. Co., 499 F.3d 382, 385 (5th Cir. 200&.

2

harmed by a competitor's false advertising" and "securing to the business community the advantages of reputation and good will by preventing their diversion from those who have created them to those who have not." Proctor & Gamble, 242 F.3d at 563. While plaintiffs have articulated a commercial interest, they have not suffered a competitive injury. Defendant's alleged misrepresentations were directed to plaintiffs in their capacity as potential consumers of AppraisalPort, not against them in a competitive capacity. Nothing in either the Lanham Act or the interpretive case law suggests that Congress intended to grant consumers standing to sue. In a related vein, the injury allegedly suffered by plaintiffs (a loss of business by lenders choosing to utilize defendant's National Collateral Database instead of resorting to a traditional appraisal) is not directly attributable to the defendant's conduct. Again, as noted by the Fifth Circuit Proctor & Gamble, "[t]his is not the case of one competitor's directly injuring another by making false statements about his own goods and thus inducing customers to switch from a competitor." Id. The third factor, by contrast, arguably weighs in favor of standing. Given the allegation that defendant's misrepresentations induced plaintiffs to entrust their work product to defendant, and defendant's subsequent appropriation of the data contained therein to offer lenders an alternative to appraisals, the Court is hard pressed to identify an alternative "class of persons whose self-interest would normally motivate them to vindicate the public interest . . . ." Id. (quoting from Associated General Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 542, 103 S.Ct. 897, 74 L.Ed.2d. 723 (1983). Factors four and five focus the inquiry on damages; under the circumstances, the Court is compelled to conclude that the plaintiffs' damages claim is not only speculative, but that the risk of duplicative damages and/or the complexity of apportioning damages renders standing inappropriate in this case. Each of the individual plaintiffs must establish: 1) defendant FNC, Inc. utilized the data he submitted

3

through AppraisalPort in building its National Collateral Database; 2) one or more lenders subsequently needed information pertaining to the same property and opted to use the database rather than an appraisal; and 3) had the information not been available in the database, the lender would have chosen him to provide an appraisal (rather than another appraiser). The latter connection is simply too tenuous to support standing. Because four of the five factors weigh against prudential standing, defendant's motion to dismiss plaintiffs' Lanham Act claim is well-taken and should be granted.

Defendant also seeks dismissal of Counts Two, Three and Five, plaintiffs' fraud-based claims, based on plaintiffs' failure to plead fraud with the specificity required by F.R.C.P. 9(b). In particular, defendant complains of the named plaintiffs' failure to plead "when" the fraud occurred and points out plaintiffs' mention of unspecified "web-based marketing and promotional material" at an unspecified time and the plaintiffs exposure thereto. Likewise, the Complaint fails to provide any facts concerning the named plaintiffs' use of AppraisalPort, the circumstances surrounding their execution of the Subscriber Agreement or their reliance on any statements made by defendant. Under the circumstances, the Court is constrained to agree with defendant that plaintiffs' fraud allegations fail to meet the heightened pleading standard articulated in Rule 9(b). However, in lieu of dismissal, the Court will exercise its discretion and permit plaintiffs to amend their Complaint to remedy the deficiencies identified herein. Hart v. Bayer Corporation, 199 F.3d 239, 248 n. 6 (5th Cir. 2000).[2]

---

[2] Defendant also moved to dismiss Counts Two, Three and Five on standing grounds as well. However, given the current procedural context and that Article III standing requirements are considerably more relaxed than the prudential standing requirements of the Lanham Act, the Court concludes that this aspect of defendant's motion is not well-taken.

Finally, defendant moves to strike the class allegations contained in Counts Two, Three and Five. After due consideration thereof, and recognizing the Fifth Circuit's apparent hard-line stance as pertains to class certification of fraud-based claims where "individualized reliance will be an issue," the Court nonetheless concludes that the relief sought is premature. Defendant's challenge is more appropriately addressed after plaintiffs are afforded an adequate opportunity to conduct class-based discovery. Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion to Dismiss the First, Second, Third and Fifth Causes of Action, Or, In the Alternative, Motion for More Definite Statement with Respect to the Second, Third and Fifth Causes of Action, and Motion to Strike Class Claims [56] should be, and hereby is, GRANTED IN PART and DENIED IN PART. IT IS FURTHER ORDERED that Count One of the Complaint should be, and hereby is, DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED that the plaintiffs shall have twenty (20) days to amend Counts Two, Three and Five of the Complaint to comply with F.R.C.P. 9(b). IT IS FURTHER ORDERED that the stay imposed by the Magistrate on May 21, 2009 is hereby LIFTED. IT IS FURTHER ORDERED that the parties are to contact Magistrate Judge S. Allan Alexander regarding the entry of an amended case management order within ten (10) days of the entry of this Order.

SO ORDERED, this the 7th day of August, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE